hSAUNDERS, Judge.
Plaintiffs and reconventional defendants, Willie Fred Simon and Maudry Simon, filed this possessory action against defendant, Cyril Charles, concerning a narrow strip of land upon which their garage was located. Defendant filed an answer and reconvened against the Simons claiming possession of said property. After a bench trial, judgment was *717 rendered in favor of defendant-reconventional plaintiff, Cyril Charles, recognizing his right and restoring him to possession of the property. Only the Simons have appealed. We affirm.

FACTS

|2On May 8, 1980, Willie Fred Simon and his two sisters, Anna Bell Simon Booker and Jessie Albertine Simon Charles, sold to defendant, Cyril Charles, the following described property:
Lots Eight (8) and Nine (9) of Block One (1)of Wood’s Annex to the Town of Jennings, Jefferson Davis Parish, Louisiana, as per plat of record, with all improvements.
In purchasing this immovable property, Cyril assumed, along with Simon, that the visual boundaries of the lots were in fact its true boundaries. Had that in fact been the case, this dispute would never have arisen. Unfortunately, when the property was surveyed February 13, 1981, it became clear that Simon’s carport, which housed his school bus, encroached on Cyril’s property.
To patch over this discrepancy, the Uncle and nephew executed a lease on April 14, 1982, by which Simon would rent from Cyril the land upon which the carport was situated.
The peace did not last for at some point afterward, this dispute arose, precipitated by a certified letter sent by Cyril to Simon terminating the lease effective April 14,1994, for the stated reason that Simon had ceased driving his school bus. Several months later, Simon, through his attorney, informed Cyril that he was adversely possessing the property. The next day following Simon’s August 8, 1994, reply by certified letter, Cyril demanded that Simon remove his garage. The dispute over the approximately seven (7) to ten (10) foot piece of property escalated to the point that on September 27, 1994, Simon and his spouse, Maudry, filed a possessory action. In response, on October 26, 1994, defendant filed an answer and reconvened claiming possession of the subject property. The matters were tried on July 6, 1995, with judgment rendered October 11, 1995, recognizing Cyril’s right to possession of the property, defeating the Simons’ principal demand to be placed in possession of the | .-¡property. It is from this judgment that Willie Fred Simon and Maudry Simon have appealed.

LAW

La.Code Civ.P. art. 3658 provides as follows:
To maintain a possessory action the possessor must allege and prove that:
(1) He had possession of the immovable property or real right therein at the time the disturbance occurred;
(2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
(3) The disturbance was one in fact or law, as defined in Article 3659; and
(4) The possessory action was instituted within a year of the disturbance.
(Emphasis ours.)

Application of Precepts

As to the first element, we find it evident that Cyril had possession of the disputed immovable property at the time the disturbance occurred.
La.Civ.Code art. 3421 defines possession as follows:
Possession is the detention or enjoyment of a corporeal thing, movable or immovable, that one holds or exercises by himself or by another who keeps or exercises it in his name.
(Emphasis ours.)
The parties executed a lease on May 14, 1982, which enabled Simon, lessee, to maintain a carport that encroached upon the property of Cyril, lessor. As lessee, Simon was a precarious possessor who exercised possession over the immovable property with the permission and on behalf of his lessor. La.Civ.Code art. 3437. Thus, Cyril, and not Simon, was in possession of the disputed property when the disturbance arose between the two.
|4The Simons contend that Mrs. Simon’s failure to sign the lease means that, unlike *718 her husband, she was not a precarious possessor but rather possessed the property for herself. This argument is without merit. First, nowhere does the civil code require the concurrence of both spouses to lease immovable property from a third party. Rather, under a community property regime, concurrence of the spouses is required only for the “alienation, encumbrance, or lease of community immovables ...” La.Civ.Code art. 2347 (emphasis added). Secondly, the debt arising during the existence of the community property regime is presumed to be a community obligation which binds both parties to the marriage, despite the fact that the debt was incurred by only one of the spouses. La.Civ.Code art. 2361. Thus, we find that Cyril was in possession of the immovable property at the time the disturbance occurred, the first requirement of La.Code Civ.P. art. 3658.
Similarly, it is clear that Cyril, and not his precarious possessor, satisfied the second requirement for filing a possessory action, uninterrupted possession of the property one year prior to the disturbance. The facts indicate that from the execution of the lease on April 14, 1982, until he was first apprised of his lessor’s adverse possession on August 8, 1994, (12 years), Cyril, as lessor-owner, maintained the property quietly and without interruption.
Third, the disturbance was one in fact. La.Code Civ.P. art. 3659 provides:
Disturbances of possession which give rise to the possessory action are of two kinds: disturbance in fact and in law.
A disturbance in fact is an eviction, or any other physical act which prevents the possessor of immovable property or of a real right therein from enjoying his possession quietly, or which throws any obstacle in the way of that enjoyment.
* sfs * *
The facts indicate that on August 8, 1994, Simon sent correspondence to his lessor, Cyril, notifying him that he adversely possessed the property. From this date |son, the Si-mons’ adverse corporeal possession of the premises constituted a disturbance in fact. See La.Code Civ.P. art. 3425; La.Code Civ.P. art. 3659.
The final requirement for a possessory action is that it must be filed within one year of the disturbance. In this case, the disturbance occurred on August 8, 1994, when Cyril received notice of adverse possession. Cyril filed his reconventional demand on October 26,1994, well within the one year period as required by La.Code Civ.P. art. 3658.

DECREE

In this case, reconventional plaintiff Cyril Charles satisfied the requirements of La. Code Civ.P. art. 3658, and the trial court so held. In light of the foregoing, we hold that the trial court did not err in doing so. Plaintiffs-appellants, Willie Fred Simon and Mau-dry Simon, are to pay all costs of these proceedings.
AFFIRMED.